UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEPHEN JONES, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:12-CV-2109 CAS |
| FRANCIS G. SLAY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Vincent Carr's Motion to Set Aside Default. No response has been filed to the motion and the time to do so has passed. For the following reasons, the motion will be granted.

**Background**

This action was filed on November 9, 2012 by plaintiff Stephen Jones against the members of the Board of Police Commissioners of the St. Louis Metropolitan Police Department and two former police officers, defendants Carr and Sharp. Plaintiff alleges that his civil rights were violated when he was arrested, convicted and imprisoned for a period of over twelve years based on the false testimony of defendants Carr and Sharp. Plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983 and supplemental state law claims for malicious prosecution, wrongful imprisonment and abuse of process.

Defendant Carr was personally served with summons and complaint on January 10, 2013, and had twenty-one days to file an answer or otherwise defend, but did not do so. On February 22, 2013, a Clerk's Entry of Default pursuant to Rule 55(a), Federal Rules of Civil Procedure, was entered against defendant Carr and he is in default. On March 27, 2013, counsel entered an

appearance on behalf of Carr and on April 3, 2013, Carr filed the instant motion to set aside the Clerk's entry of default. By separate order of this date, plaintiff was granted leave to file an Amended Complaint.

**Discussion**

An entry of default under Rule 55(a) will not automatically be set aside. Rule 55(c), Fed. R. Civ. P., provides that a court may set aside an entry of default for good cause. The Eighth Circuit Court of Appeals has explained that when "examining whether good cause exists, a district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.' Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998)." Stephenson v. El-Batrawi, 524 F.3d 907, 912 (8th Cir. 2008).

"Whether a meritorious defense exists is determined by examining whether the proffered evidence would permit a finding for the defaulting party." Stephenson, 524 F.3d at 914 (internal quotation marks and quoted case omitted). "The underlying concern is whether there is some possibility that the outcome after a full trial will be contrary to the result achieved by the default." Id. (internal quotation marks, punctuation and quoted case omitted). With respect to the issue of prejudice, "delay alone, or the fact the defaulting party would be permitted to defend on the merits, are insufficient grounds to establish the requisite prejudice to the plaintiff." Id. at 915. "Setting aside a default must prejudice plaintiff in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Id. (internal quotation marks and quoted case omitted).

The Court is also mindful of the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits rather than resolution of cases through default judgment.

See United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993). "The entry of a default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoted case omitted).

Carr's motion asserts that he misread the summons and believed he had sixty rather than twenty-one days to respond, and that he contacted the legal departments of the St. Louis Metropolitan Police Department and the Missouri Attorney General's office seeking legal representation in the case, but was denied by both entities. Carr asserts that he "became emotionally depressed and decidedly morose due to this lack of finances to underwrite a legal defense and his continuing misfortune since his recent release from the United States Bureau of Prisons," and then had to raise funds to retain private counsel. Carr Mot. at 1-2. Carr asserts that he has meritorious defenses to the claims asserted in the complaint, specifically that (1) he is entitled to qualified immunity, (2) the complaint fails to state a claim for malicious prosecution or false imprisonment, (3) the statute of limitations has elapsed, (4) plaintiff's claims are barred by collateral estoppel, and (4) he denies the truth of the claims against him.

The Court finds that Carr has made an adequate showing of good cause to set aside the entry of default under Rule 55(c). Under Eighth Circuit precedent, entries of default and even default judgments have been set aside in the face of more neglectful conduct than exists in this case. See, e.g., Union Pacific R.R. Co. v. Progress Rail Servs. Corp., 256 F.3d 781, 783 (8th Cir. 2001) (district court abused its discretion by refusing to grant relief from a default judgment where the defendant neglected to file an answer because of a recording error by its legal department); Feeney v. AT & E, Inc., 472 F.3d 560 (8th Cir. 2006) (district court abused its discretion in refusing to set aside part of a judgment, where the defendant's claimed "excusable neglect" was that he had not checked his mail for two months, and therefore did not respond to plaintiffs' summary judgment motion);

3

Johnson, 140 F.3d at 784-85 (district court abused its discretion in refusing to set aside a default that resulted from "poor communication" between the defendant, its attorney, and its insurer, despite the Eighth Circuit's finding that the defendant and its attorney acted "carelessly" and even exhibited a "cavalier approach" to the filing deadline). Because plaintiff has not responded to the motion, the Court finds there is no prejudice to plaintiff if the entry of default is set aside.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Carr's Motion to Set Aside Default is **GRANTED**. [Doc. 47]

**IT IS FURTHER ORDERED** that defendant Carr shall file his Answer or other response to the Amended Complaint within the time allowed by Rule 15(a)(3), Fed. R. Civ. P.

**IT IS FURTHER ORDERED** that defendant Carr shall file any response to the pending, unopposed Joint Motion to Consolidate for Pre-Trial Purposes (Doc. 42) by **April 19, 2013**.

　
　
　
　
　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this   16th   day of April, 2013.