**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEPHEN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-2109 CAS |
| | ) | |
| FRANCIS G. SLAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on the Joint Motion to Consolidate for Pre-Trial Purposes filed by all of the parties in this case except for defendant Vincent Carr, who was in default when the motion was filed but subsequently filed his consent to it.  The Joint Motion seeks to consolidate two other cases into this case for "limited pre-trial discovery and motion practice."[1]  Joint Mot. at 1-2.  Bobby Garrett, who is not a party in this case but is a party defendant in the <u>Holmes</u> and <u>Cox</u> cases, also consents to the consolidation.  For the reasons discussed below, the Court has inadequate information to make a determination whether consolidation of these cases will serve the purpose of fostering convenience and economy in administration.  The Court will schedule a hearing on the motion at which all counsel in the cases shall appear, and will order the parties to submit a proposed global scheduling order prior to the hearing.

Federal Rule of Civil Procedure 42(a) governs consolidation and provides:  "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Rule 42(a), Fed. R. Civ. P.

---

[1]The other cases are <u>Holmes v. Slay, et al.</u>, No. 4:12-CV-2333 HEA, and <u>Cox v. Slay, et al.</u>, No. 4:13-CV-427 CAS.

The joint motion states that the cases involve common and overlapping parties as each action involves claims brought against the members of the Board of Police Commissioners of the City of St. Louis ("Board") and individual officers of the St. Louis Metropolitan Police Department.  The motion also states that Shell Sharp, a former St. Louis police officer, is a party defendant in the Jones and Holmes actions, and Bobby Garrett, a former St. Louis police officer, is a party defendant in the Holmes and Cox actions.  Vincent Carr, a former St. Louis police officer, is a party defendant only in the Jones action.  The Court notes that Rule 42(a) concerns common questions of law and fact, not commonality of parties.

The motion states that each action involves common questions of law and fact, as each plaintiff brings civil rights claims against the defendants under 42 U.S.C. § 1983 and common law tort claims for malicious prosecution, false imprisonment, and abuse of process arising from their alleged wrongful convictions. The motion states that each plaintiff's claims arise from allegations of police corruption and each plaintiff seeks municipal liability against the Board, alleging that his incarceration was the result of the policies, rules, customs and training of the officers of the St. Louis Metropolitan Police Department.  The motion asserts that consolidation will serve the interest of judicial economy because in addition to common questions of law, substantially identical discovery will need to be performed in each case regarding municipal liability, including notice to the Board defendants and the policies, rules, customs and training of officers of the St. Louis Metropolitan Police Department.

The motion also states that while each plaintiff requests a jury trial, trying the cases together would be overly complex with the potential for confusion of issues and parties, and therefore the parties ask that the cases be consolidated only for limited pretrial discovery and motion practice purposes.  The motion states that counsel have agreed, however, that the depositions of individual

defendants Sharp and Garrett should "remain separated as to the allegations arising from each of the Complaints and that counsel for Defendants Sharp and Garrett may therefore require separate depositions of Sharp and Garrett for each of the underlying cases."  Joint Mot. at 3.

Finally, the motion states that each case is in a procedurally similar posture, as leave was granted in each to perform limited discovery pursuant to Rule 26(d)(1) on the issue of the Board's insurance coverage and sovereign immunity, but no case management orders are in place.  Plaintiffs state that they anticipate seeking leave to amend their complaints depending on the results of the insurance-related discovery, as well as to respond to issues raised in motions to dismiss filed in the Jones and Holmes actions.[2]

The Court has broad discretion in ordering the consolidation of matters, but the discretion is not unbounded.  Enterprise Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994).  The Court may consolidate separate actions only when those actions involve a common question of law or fact.  Id. The Court must examine "the special underlying facts" with "close attention" before ordering consolidation.  In re Repetitive Stress Injury Litigation, 11 F.3d 368, 373 (2nd Cir. 1993) (citation omitted).  The purpose of consolidation is to foster convenience and economy in administration. Enterprise Bank, 21 F.3d at 235.  "The party moving for consolidation bears the burden of showing commonality of factual and legal issues in different actions."  In re Repetitive Stress, 11 F.3d at 373 (citation omitted).

The Court has reviewed the complaint in each action.  Each plaintiff alleges that his civil rights were violated when he was wrongfully convicted and imprisoned on federal charges of possession with the intent to distribute cocaine base (crack), as the result of false testimony by one

_____

[2]Plaintiff Jones was granted leave to file an Amended Complaint in this action on April 16, 2013.

or more St. Louis police officers.  Plaintiffs Cox and Holmes were also convicted on federal firearms

charges.  Each plaintiff alleges that his underlying criminal conviction has been vacated by this

Court through a motion to vacate, set aside or correct judgment pursuant to 28 U.S.C. § 2255.[3]

Plaintiffs Cox and Jones were issued Certificates of Innocence pursuant to 28 U.S.C. § 2513.  A new

trial was ordered in plaintiff Holmes' case, but the government subsequently dismissed the

indictment against him.  Plaintiff Holmes filed a motion for issuance of a Certificate of Innocence

that is still pending in his underlying criminal case.

The Court finds there are common questions of law present in the three cases, such that

consolidation for the limited purposes of pretrial discovery and initial motion practice may be

appropriate under Rule 42(a).  Beyond the basic outline of the cases as stated above, however, there

are important differences in the facts of each case based on the underlying criminal matters.  The

complaints show the plaintiffs were arrested at different times and under different circumstances by

different police officers, and the allegedly false testimony was given by different officers and

necessarily differed in each case.[4]  As a result, the Court finds it would not be appropriate to

---

[3]Plaintiff Cox's conviction on three counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) was not vacated.  See Cox v. United States, No. 4:10-CV-1572 CEJ, Mem. and Order of Dec. 13, 2012 at 5 (E.D. Mo.).

[4]Plaintiff Jones was arrested in October 1997 at his parents' home after execution of a search warrant procured by defendant Carr.  Jones was charged with possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1).  In 1998, defendants Carr and Sharp testified against Jones at trial, with Carr providing the primary testimony for the government.

Plaintiff Cox was arrested in June 1997 during execution of a search warrant obtained by defendant Garrett.  Cox was charged with possession of more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), and of being a felon in possession of four separate firearms in violation of 18 U.S.C. § 922(g).  Defendant Garrett was the sole government witness to testify at Cox's trial concerning the events that led to his arrest and the seizure of the cocaine base and firearms that formed the basis of the charges.

Plaintiff Homes was arrested in December 2003 after an informant told defendant Sharp that

consolidate the cases for purposes of summary judgment motions, as the issues of fact that are unique to the individual cases would predominate at that point.  If there is a limited pretrial consolidation, the <u>Holmes</u> case would remain with Judge Autrey for purposes of summary judgment and trial.

The type of consolidation the parties request is not a consolidation in the traditional sense of that term.  The parties do not contemplate that a consolidated complaint would be filed, in fact each plaintiff has indicated an amended complaint is likely to be filed in his case.  As stated above, the parties do not request consolidation for trial.  As a result, from a case management and clerical standpoint, each case would remain open and the parties would continue to file all documents in their respective cases.  In contrast, in a traditional consolidation, a consolidated complaint would be filed in the case with the lowest case number, all filing would thereafter take place in that case, and the other cases would be closed.  Here, because the plan is for each plaintiff's complaint to remain separate and each case to be tried separately, it is not administratively feasible to temporarily consolidate the cases into one case and then sever them later.  As a result, the proposal for consolidation does not appear to result in any increased convenience and economy in case administration, and would create case management difficulties for the undersigned in monitoring case activity and filings in the <u>Holmes</u> case.

---

cocaine base was being sold from a house located on Cates Avenue.  Holmes was charged with possession of cocaine base with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), and possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). At trial in 2006, defendant Sharp was the sole witness to testify about the suspected drug transactions observed during surveillance of the location and about Holmes' alleged possession of a brown bag containing cocaine base inside the residence.  Defendant Garrett also testified at trial about Holmes' arrest in 1995 on drug charges following execution of search warrant at a residence on Goodfellow.

The Court is unaware if the parties have considered whether they may be able to reduce duplicative discovery and motion practice in the cases by use of stipulations, cooperation in the discovery process and, where appropriate, agreement that a ruling in one case may control issues in another, rather than attempting a pretrial consolidation.  The parties have suggested that a global scheduling order would be appropriate for discovery and initial motion practice, but have not submitted a proposed order for the Court's consideration.  As a result, the Court does not have the benefit of knowing what such an order would provide, and how it would facilitate the more efficient resolution of the cases.[5]  The parties will be ordered to prepare a proposed global scheduling order and submit it prior to the hearing in this matter, using the Order Requiring Joint Proposed Scheduling Plan (Doc. 37) issued in this case as a template.

Accordingly,

**IT IS HEREBY ORDERED** that the Court will conduct a hearing on the parties' Joint Motion to Consolidate for Pre-Trial Purposes on Tuesday, **April 30, 2013**, at **1:00 p.m.** in Courtroom 3-North.  All counsel in the three cases shall appear at the hearing.

**IT IS FURTHER ORDERED** that the parties shall meet and confer to prepare a joint proposed global scheduling order for management of pretrial discovery and initial motions in the

---

[5]Any global scheduling order would be filed in each of the three cases.  This could be done whether or not the cases are to be consolidated for limited pretrial purposes.

6

proposed consolidated cases, and file it in this case no later than 12:00 noon on Monday, April 29, 2013.


**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this  24th  day of April, 2013.

7