# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEPHEN JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-2109 CAS |
| ) | |
| FRANCIS G. SLAY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on separate motions to dismiss plaintiff's Amended Complaint filed by defendants Shell Sharp, Vincent Carr, and the members of the Board of Police Commissioners of the St. Louis Metropolitan Police Department: defendants Mayor Francis G. Slay, Bettye Battle-Turner, Richard Gray, Jerome D. Lee and Thomas Irwin (collectively referred to as the "Board"). The motions are fully briefed and ripe for review. For the following reasons, the Board's motion to dismiss Counts V, VI and VII will be granted, and Sharp and Carr's motions to dismiss will be denied in all respects.

**Background**

This action was filed on November 9, 2012 by plaintiff Stephen Jones against the Board and two of its former police officers, defendants Carr and Sharp. Plaintiff alleges that his federal civil rights were violated when he was arrested, convicted and imprisoned for a period of over twelve years based on false evidence manufactured by defendants Carr and Sharp. Specifically, plaintiff alleges that Carr and Sharp conspired with each other and made a false affidavit to obtain a search warrant for plaintiff's parents' residence, falsely claimed that while executing the search warrant they observed plaintiff holding a plastic bag containing $15,000 worth of cocaine base, during the

search of the residence stole $5,200 belonging to plaintiff's father, and arrested plaintiff and falsely testified against him at trial in order to prevent any complaints concerning the theft, as part of a pattern of illegal activity on their parts. Plaintiff also alleges that the Board had a policy, or pervasive custom and practice, of reliance on manufactured evidence, and that it failed to train supervise, control, instruct or discipline the officers under its control in various respects. Plaintiff alleges that as a result of Carr and Sharp's conduct, he was found guilty by a jury of one count of possession with the intent to distribute cocaine base and sentenced to 240 months in prison.

During plaintiff's incarceration, the Federal Bureau of Investigation and the United States Attorney's Office for the Eastern District of Missouri began to investigate Carr and Sharp "for the same illegal activities that resulted in [plaintiff's] wrongful conviction and imprisonment." Amended Complaint at 8, ¶ 24. Plaintiff alleges that as a result of this investigation, defendant Carr pleaded guilty in February 2009 to federal criminal charges of conspiracy to commit wire fraud, wire fraud, making a false statement and obstruction of justice in United States v. Carr, Case No. 4:08-CR-703 ERW (E.D. Mo.), based on facts very similar to those underlying the instant case, including wrongfully accusing a third party of criminal activity in order to deflect investigation into his theft. Plaintiff alleges that the investigation also led to defendant Sharp leaving the police department in June 2009 "under charges" of fraudulently concocting affidavits in support of search warrants.

Based on Carr's conviction, plaintiff sought permission from the Eighth Circuit Court of Appeals to file a successive habeas corpus motion seeking relief under 28 U.S.C. § 2255. The United States acquiesced in plaintiff's request and the Eighth Circuit issued an order authorizing plaintiff to proceed with his motion, which was filed in September 2010. After reviewing the evidence presented at plaintiff's trial along with new evidence concerning Carr's corrupt practices, the United States in November 2010 joined in plaintiff's motion to vacate his sentence, stating there

2

was no credible independent evidence to corroborate Carr's testimony against plaintiff. The United States also admitted that Sharp's testimony was not reliable or credible. On November 10, 2010, this Court, the Honorable Judge Carol E. Jackson presiding, issued an order vacating plaintiff's conviction and ordering the United States Bureau of Prisons to release him from custody immediately.[1] Plaintiff subsequently sought a Certificate of Innocence pursuant to 28 U.S.C. § 2513, which was granted by Judge Jackson on May 12, 2011, who found that plaintiff was actually innocent of the crime for which he was imprisoned for twelve years and eight months.

Plaintiff asserts federal civil rights claims against Carr, Sharp and the Board pursuant to 42 U.S.C. § 1983 and supplemental state law claims for malicious prosecution, wrongful imprisonment and abuse of process.

**Legal Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff need not provide specific facts in support of his allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the

---

[1] See Jones v. United States, 4:10-CV-1748 CEJ (E.D. Mo.).

elements of a cause of action will not do." Twombly, 550 U.S. at 555.  A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."  Id. at 562 (quoted case omitted).  This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]."  Id. at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Twombly, 550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2).  The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions, however.  Iqbal, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations.  Id.  Plausibility is assessed by considering only the materials that are "necessarily embraced by the pleadings and exhibits attached to the complaint[.]"  Whitney v. Guys, Inc., 700 F.3d 1118, 1128 (8th Cir. 2012) (quoted case omitted).

**Discussion**

    I.  Defendant Board's Motion to Dismiss

The Board moves to dismiss plaintiff's state law claims of malicious prosecution, wrongful imprisonment and abuse of process against it in Counts V, VI and VII of the Amended Complaint. The Board states that plaintiff's claims against it are based solely on allegations that defendants Carr and Sharp were at all relevant times acting as the "employees, servants and agents" of the St. Louis Metropolitan Police Department and the Board.  The Board asserts that it is entitled to dismissal

4

based on sovereign immunity for the state law claims in Counts V, VI and VII, and also asserts that the applicable statute of limitations for Count VII has lapsed.

The Board states that under Missouri law, a claim against it based in tort is barred by the doctrine of sovereign immunity unless the claim is based on either (1) negligent driving by public employees, or (2) the dangerous condition of public property; pursuant to citing § 537.600.1, Revised Statutes of Missouri (2000), and Gregg v. City of Kansas City, 272 S.W.3d 353 (Mo. Ct. App. 2008). The Board asserts that plaintiff's claims do not fit within either exception, and therefore his malicious prosecution, wrongful imprisonment and abuse of process claims against it are barred by sovereign immunity and the Court should dismiss them.

In response, plaintiff states that he was granted an extension of time and leave to perform discovery to determine whether the Board has waived the sovereign immunity defense raised in its motion by obtaining insurance coverage pursuant to § 537.610, Mo. Rev. Stat. Plaintiff states that through discovery, the Board has represented that there are no potentially applicable insurance policies or insurance coverage, either at present or from the time period of the underlying conduct in 1977. Plaintiff concludes that he "does not believe that the Board has waived its sovereign immunity defense as to Counts V, VI and VII." Pl.'s Response at 2.

In Missouri, the doctrine of sovereign immunity generally protects public entities from liability for negligent acts. Mo. Rev. Stat. § 537.600; State ex rel. Cass Medical Center v. Mason, 796 S.W.2d 621, 22 (Mo. 1990) (en banc). Numerous Missouri court decisions have held that intentional torts are included in the protection of sovereign immunity. See, e.g., Credit Acceptance Corp. v. Smith, 991 S.W.2d 720, 721 (Mo. Ct. App. 1999) (city entitled to sovereign immunity on conversion claim); Mitchell v. Village of Edmundson, 891 S.W.2d 848, 850 (Mo. Ct. App. 1995) (conversion claim; court stated, "Intentional torts have consistently been found to fall within the

5

shield of sovereign immunity"). As the Board states, section 537.600.1 waives this immunity for injuries resulting from negligent acts or omissions by public employees operating motor vehicles, and for injuries resulting from the dangerous condition of a public entity's property. Pursuant to § 537.610, "when a public entity purchases liability insurance for tort claims, sovereign immunity is waived to the extent of and for the specific purposes of the insurance purchased." Fantasma v. Kansas City, Mo., Bd. of Police Comm'rs, 913 S.W.2d 388, 391 (Mo. Ct. App. 1996) (citing State ex rel. Board of Trustees of City of N. Kansas City Mem'l Hosp. v. Russell, 843 S.W.2d 353, 360 (Mo. 1992) (en banc)).

As a result, absent the purchase of potentially applicable insurance, the Board is entitled to sovereign immunity. Because plaintiff concedes that the Board has not purchased such insurance, the Board's motion to dismiss the state law claims in Counts V, VI and VII should be granted based on sovereign immunity. As a result, it is not necessary for the Court to reach the Board's argument concerning the statute of limitations.

II. Defendants Sharp and Carr's Motions to Dismiss

Defendants Sharp and Carr (collectively "defendants") filed separate motions to dismiss. Defendants' motions assert similar arguments for dismissal of Counts I and VII of plaintiff's Amended Complaint, and the Court will address them together.[2] Defendants move to dismiss plaintiff's claims under 42 U.S.C. § 1983 in Count I, to the extent they are based on Sharp and Carr's trial testimony, on the basis of absolute immunity. Defendants also move to dismiss plaintiff's state law abuse of process claims in Count VII as barred by applicable statute of limitations

---

[2]  The Court will separately address defendant Carr's arguments for dismissal of the complaint based on collateral estoppel or res judicata.

6

A. *Testimonial Immunity - Count I*

Count I asserts a claim for violation of plaintiff's civil rights pursuant to 42 U.S.C. § 1983. In their motions, defendants state there is absolute immunity from § 1983 claims for any person who provides sworn testimony at trial, Briscoe v. LaHue, 460 U.S. 325, 335 (1983), and that this immunity applies to all witnesses, including police officers testifying in criminal matters. Defendants state that the factual allegations of the Amended Complaint incorporated into Count I include several references to their testimony at plaintiff's criminal trial, specifically paragraphs 18, 22, 35, 43, and 53(a), (b), (d) and (e). Defendants assert they are entitled to absolute immunity for testimony at trial, and therefore are entitled to dismissal of plaintiff's § 1983 claims in Count I to the extent they are based on their trial testimony.

Plaintiff responds that the factual allegations defendants identify are not premised on their testimony at trial, citing as an example the allegations in paragraphs 53(a), (b), (d) and (e). Plaintiff states that paragraph 53(a) alleges that defendants prepared a false affidavit in support of a search warrant when they lacked probable cause to search; paragraph 53(b) alleges defendants planted evidence at the scene and suppressed "relevant evidence during the search of the premises and thereafter during the time period leading up to Plaintiff's trial, including the suppression and destruction of photographs and the failure to obtain fingerprints on the bag of crack cocaine," paragraph 53(d) alleges defendants provided "false information to federal prosecutors in order to wrongfully, illegally and unconstitutionally deprive Plaintiff of his freedom;" and paragraph 53(e) alleges defendants framed "Plaintiff for a crime he did not commit and obtain[ed] his conviction in order to cover up the theft of $5,200 belonging to Plaintiff's father." Amended Complaint at 16.

Plaintiff states that absolute testimonial immunity has no application to the pretrial phase of a criminal case, including investigative conduct by an officer, or the officer's conduct as a

7

complaining witness, citing Malley v. Briggs, 475 U.S. 335, 340-41 (1986).  Plaintiff asserts that the essence of his claim is not that Sharp and Carr lied on the witness stand, but that they as part of a corrupt conspiracy between police officers manufactured the case against him from the beginning, instigated false charges against him based on manufactured evidence, suppressed exculpatory evidence, and intentionally framed him for a crime he did not commit, in order to further their own corrupt purpose which was the theft of $5,200.  By doing these things, plaintiff alleges, Sharp and Carr deprived him of his constitutional due process rights to a fair trial, and to not be framed for a crime he did not commit, citing Winslow v. Smith, 696 F.3d 716, 732 (8th Cir. 2012) ("all courts that have directly confronted the question before us agree that the deliberate manufacture of false evidence contravenes the Due Process Clause.") (quoted case omitted); and White v. McKinley, 519 F.3d 806, 813-14 (8th Cir. 2008) (due process violation arising from suppression of evidence favorable to an accused as recognized in Brady v. Maryland, 373 U.S. 83 (1963), extends to bad-faith actions of law enforcement officers such as investigating officers).  Plaintiff contends that Sharp and Carr are not entitled to testimonial privilege for the conduct alleged in the Amended Complaint.

      Sharp[3] replies that plaintiff glosses over the allegations of the Amended Complaint and goes beyond the scope of the motion to dismiss, which is "clearly limited to the portions of Count I of Plaintiff's Complaint regarding Defendant Sharp's trial testimony."  Sharp Reply at 2.  Sharp contends that plaintiff has raised no viable arguments in response to the motion to dismiss his claims that are based on trial testimony, which Sharp now identifies as being found only in paragraphs 22, 35 and 43 of the Amended Complaint.  Paragraph 22 includes the allegation that Sharp "asserted to

---

[3]    Defendant Carr did not file a reply memorandum.

8

prosecutors <u>and at trial</u> that . . . photographs were 'somehow lost,'" (emphasis added); in paragraph 35 that the "Government also admitted that Detective Sharp's testimony was not reliable or credible;" and in paragraph 43 that plaintiff was taken into custody immediately after the verdict "as a result of the perjured testimony of Detectives Carr and Sharp."

Under Supreme Court precedent, witnesses are entitled to absolute immunity for damages liability for perjured testimony, and this immunity extends to knowingly false testimony by police officers. <u>Briscoe</u>, 460 U.S. at 335. Although the Amended Complaint's factual allegations include the three brief references to Sharp and Carr's allegedly perjured trial testimony quoted immediately above, and those allegations are incorporated into Count I's § 1983 claim against these defendants, Count I itself does not allege that Sharp and Carr violated plaintiff's constitutional rights by offering perjured trial testimony against him.  Instead, plaintiff alleges in Count I that Sharp and Carr violated his constitutional rights by (1) preparing a false affidavit, (2) planting evidence at the scene and suppressing relevant evidence, (3) providing false information in the police report and other documents, (4) providing false information to federal prosecutors, (5) framing plaintiff for a crime he did not commit to cover up Sharp's theft, and (6) allowing plaintiff to languish in prison despite his knowledge that plaintiff did not commit the crime alleged. Amended Complaint at 16.

The Court considers the limited allegations in the factual portion of the Amended Complaint concerning Sharp and Carr's trial testimony to be largely background information that helps to explain what happened to plaintiff and led to this lawsuit. While plaintiff cannot base a § 1983 claim on Sharp and Carr's trial testimony, <u>see</u> <u>Briscoe</u>, 460 U.S. at 335, he does not appear to do so, and instead asserts that other conduct by Sharp and Carr violated his constitutional rights. Accordingly, this aspect of Sharp and Carr's motions to dismiss should be denied. Prior to trial,

defendants may ask the Court to revisit this issue through a motion in limine or proposed jury instruction, if necessary.

### B. *Statute of Limitations - Count VII*

Sharp and Carr also moves to dismiss Count VII, plaintiff's state law claim for abuse of process, on the basis that the applicable statute of limitations has expired. Defendants state that under Missouri law, an action for abuse of process comes within the five-year general statute of limitations applicable to personal injuries, Missouri Revised Statutes § 516.120(2) (2000), see Corley v. Jacobs, 820 S.W.2d 668, 672 (Mo. Ct. App. 1991), and that the statute begins to run from the termination of the acts that constitute the alleged abuse, not from the completion of the action in which the process issued, citing Steinhilber v. Lake Winnebago Home Owner's Ass'n, 965 F.2d 602, 604 (8th Cir. 1992). Defendants state that the last event plaintiff complains of as constituting abuse of process is their false testimony at his criminal trial in February 1998. Defendants assert that plaintiff's cause of action for abuse of process would therefore have arisen in February 1998 and expired in February 2003, nine years prior to the commencement of this action, so Count VII should be dismissed as barred by the statute of limitations.

Plaintiff responds that his abuse of process claim was tolled until the time his conviction was vacated, because the claim would have impugned the conviction. Plaintiff states that Corley and Steinhilber do not address the application of the abuse of process statute of limitations in the context of a claim by an exonerated prisoner where the abuse of process resulted in a wrongful conviction, and therefore provide little guidance. Plaintiff states that in the context of civil rights claims arising from wrongful convictions, the Supreme Court has held that a claim for damages for an unconstitutional conviction or imprisonment, or for other actions whose unlawfulness would render a conviction or sentence invalid, does not accrue until the conviction or sentence has been reversed

10

on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, citing Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff also states that the Supreme Court noted the statute of limitations would pose no problem because a cause of action that would imply the invalidity of a conviction would not accrue until the conviction was reversed or expunged, and the statute of limitations would not begin to run until then: "Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor, . . . so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Heck, 512 U.S. at 489-90 (internal citations omitted).

Plaintiff states that although a claim for abuse of process does not require termination in a plaintiff's favor, the Supreme Court instructed that courts "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" Id. at 487. Plaintiff states that here, the Amended Complaint alleges the federal government admitted there was no competent evidence of his guilt apart from the evidence provided by Sharp and Carr. Plaintiff contends that because there was no other evidence with which to convict him, any claim of abuse of process would have necessarily implied the invalidity of his conviction, and would therefore have been barred by Heck.

In the alternative, plaintiff argues that his abuse of process claim would have been barred by the Missouri doctrines of res judicata and collateral estoppel until such time as the conviction was overturned, citing Adams v. VanWormer, 892 S.W.2d 655 (Mo. Ct. App. 1994) (in civil lawsuit against police officer and witness involved in criminal trial, convicted murderer was collaterally estopped from raising issues in civil action that had been decided against him in the earlier criminal

11

trial). Plaintiff states that under these doctrines, he would have been barred from asserting his abuse of process claim while his conviction was in effect, as he could not bring a claim alleging that Sharp abused legal process and thereby caused his conviction without necessarily and impermissibly challenging the validity of that conviction. Plaintiff argues that if defendant is correct and he cannot bring an abuse of process claim now, after the conviction has been set aside, then there was no five-year period during which the claim could ever have been brought, and plaintiff loses his cause of action without the benefit of any limitations period. Plaintiff concludes that because he could not bring this claim until the bar of his conviction was removed, his claim was filed within five years of the conviction being set aside, and therefore the claim is timely.

Plaintiff also argues that an abuse of process can constitute a "continuing tort" or "continuing wrong" under Missouri law, citing Davis v. Laclede Gas Co., 603 S.W.2d 554, 556 (Mo. 1980) (en banc) ("If . . . the wrong may be said to continue from day to day, and to create a fresh injury from day to day, and the wrong is capable of being terminated, a right of action exists for the damages suffered within the statutory period immediately preceding suit."); and Guirl v. Guirl, 708 S.W.2d 239, 247 (Mo. Ct. App. 1986) (filing and *maintaining* a petition constituted abuses of process). Plaintiff states that he alleges Sharp and Carr "allow[ed] Plaintiff to languish in prison for almost 13 years, despite Defendants' knowledge that Plaintiff did not commit the crime alleged." Amended Complaint at 16, ¶ 53(f). Plaintiff contends that Sharp and Carr could have come forward and told the truth at any time during his incarceration but did not, and as a result the term of his incarceration constitutes a continuing wrong and the limitations period for his abuse of process claim was tolled during his incarceration.

In reply, Sharp argues that Heck concerned a prisoner seeking damages in a § 1983 suit, and plaintiff fails to explain how a Supreme Court decision regarding the accrual of a § 1983 action

12

would have any bearing on the accrual of a claim for abuse of process under Missouri law. Sharp contends that plaintiff's alternative theory of a continuing tort fails because statutes of limitation are favored under Missouri law and any exceptions must be strictly construed, Graham v. McGrath, 243 S.W.3d 459, 464 (Mo. Ct. App. 2007), and plaintiff bears the burden to show that he strictly comes within a claimed exception. Id. Sharp concedes that plaintiff's action for abuse of process might have been subject to a collateral estoppel defense, but asserts this does not save the untimely cause of action because plaintiff provides no authority that application of the doctrine results in the statute of limitations being tolled. Sharp concludes that because claims for abuse of process are subject to a five-year limitations period, the claim is time barred and must be dismissed.

The Eighth Circuit has explained, "Bar by a statute of limitation is typically an affirmative defense, which the defendant must plead and prove." Jessie v. Potter, 516 F.3d 709, 713 (8th Cir. 2008). "A defendant does not render a complaint defective by pleading an affirmative defense[.]" Id. Thus, "As a general rule, the possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." Joyce v. Armstrong Teasdale, LLP, 635 F.3d 364, 367 (8th Cir. 2011) (quotation marks and quoted case omitted). As a result, the inquiry for purposes of the instant motion is whether plaintiff's Amended Complaint establishes that his abuse of process claim is barred by the statute of limitations.

Because this is a state law claim, the Court applies Missouri law regarding the statute of limitations and any rules that are an integral part of the statute of limitations, such as tolling and equitable estoppel. See Walker v. Barrett, 650 F.3d 1198, 1203-04 (8th Cir. 2011). The parties agree that the five-year statute of limitations of § 516.120(2) applies to a claim for abuse of process. See Corley, 820 S.W.2d at 672. In Missouri, the statute of limitations on an abuse of process claim

"begins to run[] from the termination of the acts which constitute the abuse complained of, and not from the completion of the action in which the process issued." Id.

The complaint alleges that the actions constituting abuse of process occurred in 1997 and 1998, but also alleges that plaintiff was imprisoned based solely on the false evidence manufactured and provided by Sharp and Carr, and was not released until November 11, 2010. The complaint further alleges that plaintiff was unable to bring his claims until he was released because each claim would have impugned his then-existing conviction. These allegations from the complaint could plausibly support plaintiff's collateral estoppel argument raised in opposition to the motion to dismiss, and therefore the complaint itself does not entirely foreclose the possibility that plaintiff can successfully rebut defendants' statute of limitations defense. In addition, as plaintiff asserts, Missouri recognizes the continuing tort or continuing wrong doctrine, see Davis v. Laclede Gas Co., 603 S.W.2d at 556, which could plausibly apply here.[4]

Defendants argue plaintiff has not cited any Missouri cases holding that even if he was collaterally estopped from bringing suit, this would have any effect on the statute of limitations. This argument fails to recognize that in the context of a motion to dismiss under Rule 12(b)(6), dismissal on the basis of the statute of limitations is proper only where the complaint itself establishes the defense. See Joyce, 635 F.3d at 367. The complaint does not so establish in this case. The Court also notes that defendants, as the moving parties, have not cited any Missouri cases to support their argument that collateral estoppel would not have an effect on the statute of limitations.

---

[4]  There is no indication that Missouri courts have adopted the analytical framework of Heck v. Humphrey, 512 U.S. at 486-87, for analyzing the accrual of state law claims. Cf. Parish v. City of Elkhart, 614 F.3d 677, 681 (7th Cir. 2010) (stating that the Indiana Court of Appeals had adopted the Heck framework with respect to the accrual of state law claims for false imprisonment).

Based on the foregoing, defendants Sharp and Carr's motions to dismiss plaintiff's abuse of process claim in Count VII as untimely should be denied.

### III.  Defendant Carr's Motion to Dismiss

Defendant Carr moves to dismiss plaintiff's malicious prosecution, false imprisonment and abuse of process claims in Counts IV, V and VI of the Amended Complaint on the basis that each count fails to state a claim upon which relief can be granted.  Defendant Carr's Memorandum in Support of his motion to dismiss does not make any mention of this, and does not cite any case law or provide any argument in support of dismissal these counts on Rule 12(b)(6) grounds.  As a result, this aspect of Carr's motion to dismiss should be denied.

Defendant Carr also moves to dismiss plaintiff's Amended Complaint on the basis of collateral estoppel or res judicata, because plaintiff did not contend in his criminal prosecution that he had been framed.  Carr argues that as a result of this failure, plaintiff is collaterally estopped from revisiting the issue in this civil action.  Carr does not articulate the elements of collateral estoppel or res judicata, or explain how they are met here.  Instead, Carr merely cites three cases without explaining how they support his motion to dismiss.  The Court has reviewed the cases cited by Carr and finds they do not support his argument.[5]  This aspect of Carr's motion to dismiss should therefore be denied.

---

[5]   See United States v. Oppenheimer, 242 U.S. 85 (1916) (holding that a judgment dismissing an indictment because it was barred by the statute of limitations is a bar to a second prosecution for the same offense under a new indictment); United States v. Haley, 452 F.2d 398 (8th Cir. 1971) (rejecting defendant's argument that his conviction on conspiracy charge in one jurisdiction collaterally estopped his prosecution on substantive charges in another jurisdiction); Wintermute v. Kansas Bankers Surety Co., 630 F.3d 1063 (8th Cir. 2011) (res judicata and the law of the case doctrine barred plaintiff from attempting to amend a civil claim after it had been dismissed and the dismissal affirmed on appeal, as the proposed amendment could have been included in the original claim but was not).

**Conclusion**

For the foregoing reasons, the Board's motion to dismiss Counts V, VI and VII based on sovereign immunity should be granted. The motions to dismiss filed by defendant Sharp and defendant Carr should be denied in all respects.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Slay, Battle-Turner, Gray, Lee and Irwin's Motion to Dismiss Counts V, VI and VII of Plaintiff's Amended Complaint is **GRANTED**, and Counts V, VI and VII will be **DISMISSED** as to these defendants.  [Doc. 69]

**IT IS FURTHER ORDERED** that defendant Sharp's Motion to Dismiss is **DENIED**. [Doc. 64]

**IT IS FURTHER ORDERED** that defendant Carr's Motion to Dismiss is **DENIED**.  [Doc. 72]

**IT IS FURTHER ORDERED** that defendant Sharp shall file his Answer to Counts I and VII of the Amended Complaint within the time permitted by the Federal Rules of Civil Procedure. See Rule 12(a)(4)(A), Fed. R. Civ. P.

**IT IS FURTHER ORDERED** that defendant Carr shall file his Answer to the Amended Complaint within the time permitted by the Federal Rules of Civil Procedure. See Rule 12(a)(4)(A), Fed. R. Civ. P.

An appropriate order of partial dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  7th  day of November, 2013.