UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-2109 CAS |
| | ) | |
| FRANCIS G. SLAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

This matter came before the Court for a pretrial conference on December 4, 2014.  In accordance with rulings announced from the bench and, in some instances, as later decided by the Court as to matters taken under submission,

**IT IS HEREBY ORDERED** that plaintiff's motion in limine [Doc. 298] is:

(1) **DENIED** as to evidence of plaintiff's 1996 guilty plea resulting in a Suspended Imposition of Sentence;

(2) **DENIED** as moot as to any reference to consumption of alcohol or drugs by plaintiff, as defendants represented they will not refer to any such evidence;

(3) **DENIED** as to any evidence or argument that plaintiff was guilty of the crime charged or that contradicts plaintiff's Certificate of Innocence under 28 U.S.C. § 2513.  See Duncan v. Clements, 744 F.2d 48 (8th Cir. 1984) (state court's finding that plaintiff's arrest and search were unconstitutional did not preclude arresting officer from relitigating legality of arrest and search in a subsequent § 1983 suit);

(4) **GRANTED** as to any reference to collateral payments to the extent that evidence relating to plaintiff's settlement agreement with the United States may be admitted only to (1) show bias or prejudice of a witness under Fed. R. Evid. 408(b), or (2) explain to the jury why plaintiff sought a Certificate of Innocence.  In either instance, no reference shall be made to the amount of the settlement;

(5) **GRANTED** as to any reference to other legal proceedings involving plaintiff; and

(6) **DENIED as moot** as to the testimony of Lt. Daniel Coll, as defendants represent they do not intend to call Lt. Coll as a witness.

**IT IS FURTHER ORDERED** that defendant Carr's motion in limine [Doc. 296] is:

(1) **DENIED** as to any testimony, statement or reference to the Certificate of Innocence issued to plaintiff in Jones v. United States, 4:10-CV-1748 CEJ (E.D. Mo.). Plaintiff may testify to the fact that he was issued a Certificate of Innocence but may not testify as to any findings of fact or conclusions of law contained therein; the Certificate of Innocence cannot be read to the jury; and plaintiff's counsel cannot argue to the jury concerning the Certificate of Innocence.

(2) **DENIED** as to evidence of the federal crimes to which Carr pleaded guilty in 2009;

(3) **DENIED as moot** as to testimony, statement, or reference to defendant Carr's or other witnesses' "private personal information such as past and present residential information, and familial relations," as plaintiff represented he will not refer to any such evidence;

(4) **GRANTED** as to any reference to the financial disparity of the parties or the sources of any award for damages;

(5) **GRANTED** as to other bad acts or alleged bad acts by defendant Carr to the extent that plaintiff may only introduce evidence of sustained Internal Affairs Division complaints against Carr that are sufficiently similar to the alleged conduct in this case;

(6) **DENIED** as to any reference to the fact that defendants Carr and Sharp testified against plaintiff at his criminal trial in 1998, but plaintiff may not argue that Carr and Sharp can be liable to plaintiff under 42 U.S.C. § 1983 based on their trial testimony, and a limiting instruction may be appropriate;

(7) **GRANTED** as to other bad acts or alleged bad acts by defendant Sharp to the extent that plaintiff may only introduce evidence of sustained Internal Affairs Division complaints against Sharp that are sufficiently similar to the alleged conduct in this case;

(8) **DENIED as moot** as to other bad acts or alleged bad acts by non-party police officers, as plaintiff represented he will not refer to any such evidence;

(9) **DENIED as moot** as to news articles and media reports relating to plaintiff, defendants Carr or Sharp, the St. Louis Metropolitan Police Department, or the Board of Police Commissioners, as plaintiff represented he will not refer to any such evidence;

(10) **DENIED as moot** as to testimony from Dr. Angela Wingo, Ph.D., as plaintiff represented he will not call Dr. Wingo as a witness;

(11) **DENIED** as to references to statements attributed by plaintiff to unknown police officers during the search of the premises at 2802 Missouri Avenue on October 28, 1997;

(12) **DENIED as moot** as to testimony from Ellen Koucky, as plaintiff represented he will not call Ms. Koucky as a witness;

(13) **DENIED as moot** as to any adverse inference from failure to call any witness at trial, as plaintiff represented he would not assert that any such adverse inference should be drawn;

(14) **GRANTED** as to any argument, testimony or reference to Carr's motion in limine and evidence excluded pursuant to it or any other motion in limine or pretrial ruling.

**IT IS FURTHER ORDERED** that defendant Sharp's motion in limine [Doc. 294] is:

(1) **GRANTED** as to any reference to the financial disparity of the parties or the sources of any award for damages;

(2) **DENIED** as to evidence of alleged violations of written or unwritten policies of the St. Louis Metropolitan Police Department, but plaintiff may not argue that a violation of such policies is a violation of 42 U.S.C. § 1983, except to the extent the violation itself gives rise to a § 1983 cause of action.  See Parrish v. Mallinger, 133 F.3d 612, 615 (8th Cir. 1998); Bartlett v. Fisher, 972 F.2d 911, 914 (8th Cir. 1992);

(3) **GRANTED** as to any reference to other civil rights suits or complaints filed against defendant Sharp or other employees of the St. Louis Police Department;

(4) **GRANTED** as to any reference to information from the personnel files or Internal Affairs files and evidence regarding disciplinary action, sanctions or reprimands of defendant Sharp or his witnesses, to the extent that plaintiff may only (1) introduce evidence of sustained Internal Affairs Division complaints against Sharp that are sufficiently similar to the alleged conduct in this case; and (2) refer to sustained Internal Affairs Division complaints against Sharp's witnesses that would be relevant to their character for truthfulness or untruthfulness;

(5) **GRANTED** as to any references to alleged incidents or injuries that occurred as a result of other St. Louis police officers' misconduct other than the incident that is the subject of this lawsuit, and any historic or national incidents of police misconduct;

(6) **DENIED as moot** as to any adverse inference from failure to call any witness at trial, as plaintiff represented he would not assert that any such adverse inference should be drawn;

(7) **DENIED as moot** as to documents and testimony related to plaintiff's Motion to Vacate Sentence Under 28 U.S.C. § 2255, as this portion of the motion was withdrawn by defendant Sharp, and **DENIED** as to the Certificate of Innocence issued to plaintiff under 28 U.S.C. § 2513.  Plaintiff may testify to the fact that he was issued a Certificate of Innocence, but may not testify as to any findings of fact or conclusions of law contained therein; the Certificate of Innocence cannot be read to the jury; and plaintiff's counsel cannot argue to the jury concerning the Certificate of Innocence;

(8) **DENIED as moot** as to testimony from Dr. Angela Wingo, Ph.D., as plaintiff represented he will not call Dr. Wingo as a witness;

(9) **DENIED as moot** as to testimony of Robert Patrick and newspaper articles written by Mr. Patrick, as plaintiff represented he will not call Mr. Patrick or seek to introduce any newspaper articles into evidence;

(10) **DENIED** as to references to defendant Sharp's testimony at plaintiff's criminal trial, but plaintiff may not argue that Sharp can be liable to plaintiff under 42 U.S.C. § 1983 based on his trial testimony, and a limiting instruction may be appropriate; and

(11) **GRANTED** as to any reference to plaintiff's claims against defendant Sharp that were dismissed on summary judgment.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to File Amended Exhibit List and Second Amended Witness List is **DENIED** as to proposed Plaintiff's Exhibits 106-113, and **GRANTED** in all other respects; and the Clerk of the Court shall detach and docket the Amended Exhibit List and Second Amended Witness List that were submitted as attachments to the Motion for Leave.  [Doc. 316]

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to file Amended Discovery Designations is **GRANTED**, and the Clerk of the Court shall detach and docket plaintiff's Amended Discovery Designations that were submitted as an attachment to the Motion for Leave.  [Doc. 317]

**IT IS FURTHER ORDERED** that plaintiff's objection to defendant Carr's deposition designation of a portion of plaintiff's deposition in which he testified about statements made by Sherrod Greenlaw is **sustained**, and the designation is excluded as hearsay. [Doc. 302]

**IT IS FURTHER ORDERED** that plaintiff's objection to defendants' inclusion of Salvatore Cira on their witness lists is **sustained** to the extent plaintiff is granted leave to take Mr. Cira's deposition prior to trial. Plaintiff may still seek to exclude Mr. Cira's testimony for any other appropriate reason. If defendants do not produce Mr. Cira for deposition prior to trial his testimony will not be allowed.

**IT IS FURTHER ORDERED** that the parties shall prepare a revised joint summary of the case to be read to the jury on voir dire, and each party shall provide the Court with a flash drive or other data storage device containing clean copies of his jury instructions in a word processing format.

**SO ORDERED**.

*(signature)*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  5th  day of December, 2014.

5